AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

RECEIVED
2020 JUL 28 P 5: 26

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information associated with Apple iPhone, which is currently stored at the FBI Montgomery Resident Agency

Case No. 2:20mj182-SRW

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A). Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the ___Middle___ District of ___Alabama___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C., § 2113 | Bank robbery |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the requested warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA. See 18 U.S.C. §§ 3122(b), 3123(b)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Andrew Sullivan, SA, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/28/2020

/s/ Susan Russ Walker
*Judge's signature*

City and state: Montgomery, Alabama

Susan R. Walker, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE WHICH IS CURRENTLY STORED AT THE FBI MONTGOMERY RESIDENT AGENCY | RECEIVED 2020 JUL 28 P 5:27<br><br>Case No. 2:20mj182-SRW<br><br>**FILED UNDER SEAL** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Andrew Sullivan, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for a crushed Apple iPhone, containing no identifiable serial numbers or other identifiers, and as depicted in Attachment A, (the "TARGET DEVICE"), which is currently stored at the FBI Montgomery Resident Agency, located at 1 Commerce Street, Suite 500, Montgomery, Alabama 36104. Law enforcement recovered the TARGET DEVICE from Bennie Carpenter's wife on March 25, 2020. The property to be searched is described in the following paragraphs and in Attachment A. The applied-for warrant would authorize the forensic examination of the TARGET DEVICE for the purpose of identifying electronically stored data particularly described in Attachment B.

2. I am a Special Agent of the FBI and have been so employed since January 2019. I am currently assigned to the FBI Mobile Division, Montgomery Resident Agency, and my duties and responsibilities include conducting criminal investigations of individuals and entities for possible violations of Federal laws, particularly those laws found in Title 18 and Title 21 of the United States Code, to include bank robberies.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 2113(a) Bank Robbery by Force or Violence, and Section 924(c)(1)(A)(ii) Brandishing a firearm during a crime of violence, have been committed by Bennie Carpenter and Hunter McPherson. There is also probable cause to search the TARGET DEVICE for evidence, instrumentalities, contraband, or fruits of these crimes, as further described in Attachment B.

## PROBABLE CAUSE

5. On February 28, 2020, at approximately 11:50 a.m., an unknown subject ("Unsub 1") entered the BancorpSouth Bank, located at 10 N. Commerce Street, Hayneville, Alabama. Unsub 1 was wearing black clothing that included a ski mask, ski goggles, jacket, gloves, and pants. Unsub 1 then produced an AK-47 semi-automatic type rifle and approached the counter. While at the counter, Unsub 1 demanded U.S. currency from the victim teller. The victim teller complied with Unsub 1's demands and placed money from her teller drawer into a bag provided by Unsub 1. Subsequently, Unsub 1 grabbed the bag containing U.S. Currency from the victim teller's drawer, departed the bank, entered the passenger side of a white truck being driven by another unknown subject ("Unsub 2"), and fled the area.

6. On February 28, 2020, at approximately 12:10 p.m., the Greenville, Alabama Police Department ("GPD") received a 911 telephone call concerning a white truck that was afire on Corley Loop, Greenville, Alabama, Grid Coordinates: Lat: 31.8226701; Long: -86.6679722. After further investigation, the vehicle description of the burning vehicle matched the description of the white truck that fled the BancorpSouth Bank, referenced in paragraph 5 hereinabove.

7.      Additional investigation further revealed that on or about February 26, 2020, at approximately 1:00 p.m., the burning white truck, bearing Alabama license plate: 57645CO and VIN: 1FTMF1CF2GKF56234 was reported stolen from the intersection of Bowden Road and Roper Road in Honorville, Alabama, Grid Coordinates: Lat: 31.8773794; Long: -86.4121961.

8.      On March 2, 2020, at approximately 4:45 p.m., based upon a review of video footage captured by bank surveillance equipment, a subject dressed similar to that of Unsub 1 referenced in paragraph 6 hereinabove, entered the First Citizens Bank, located at 115 W. Old Fort Road, Fort Deposit, Alabama. The individual appearing to be Unsub 1 wore black clothing to include a ski mask, dark glasses, jacket, pants, and blue surgical gloves. The individual appearing to be Unsub 1 produced an AK-47 type semi-automatic rifle, approached the counter and demanded U.S. currency from victim teller 2. Victim teller 2 complied with the demands of the individual appearing to be Unsub 1 by removing U.S Currency from her teller drawer and placing it into a bag provided by the individual appearing to be Unsub 1. Later, the individual appearing to be Unsub 1 grabbed the bag containing U.S Currency from victim 2's teller drawer, departed the bank, entered the passenger side of a grey 2006 Jeep Liberty, and fled the area.

9.      On March 3, 2020, at approximately 7:00 a.m., the Crenshaw County, Alabama Sheriff's Office ("CCSO") received a report of burned vehicle in the vicinity of Rayburn Road and Old Spring Hill Road, Brantley, AL, Grid Coordinates: Lat: 31.63282652; Long: -86.44411286.

10.     Further investigation revealed the burning vehicle matched the vehicle description of the gray 2006 Jeep Liberty observed fleeing the First Citizen Bank, referenced in paragraph 9 hereinabove.

11.     Additional investigation further revealed that on or about March 2, 2020, at approximately 6:20 p.m., the burning 2006 Jeep Liberty, gray in color, bearing Alabama license

plate: 9432AY3 and VIN: 1J4GK38KX6W221749 was reported stolen from a residence located at 1426 Garden Road, McKenzie, Alabama 36456, Grid Coordinates: Lat: 31.527825; Long: -86.688013.

12. On March 13, 2020, Bennie Ray Carpenter ("Carpenter") was arrested for breaking and entering of a motor vehicle by the CCSO.

13. On March 13, 2020, investigating agents advised Carpenter of his Miranda Warnings. Carpenter acknowledged he understood the Miranda Warnings, desired to waive them, and provide a statement. During the interview with Carpenter, he admitted to his involvement in the bank robberies that occurred on February 28, 2020 at Bancorp South and on March 2, 2020 at First Citizen Bank. Carpenter further advised during the commission of the bank robberies he committed on February 28, 2020 at Bancorp South and March 2, 2020, at First Citizen Bank, he was assisted by Hunter Lee McPherson ("McPherson"). According to Carpenter, McPherson operated the vehicles when he departed the banks.

14. Following Carpenter's arrest, Carpenter notified law enforcement he had an Apple iPhone, which would contain text messages between himself and McPherson, but he accidentally ran over the phone and broke the phone. Carpenter contacted his wife and instructed her to provide law enforcement with his Apple iPhone (the TARGET DEVICE). Carpenter's wife agreed, and she provided law enforcement with the TARGET DEVICE.

15. I know based on my training and experience that persons who commit certain violent crimes, including bank robberies and other crimes, frequently use electronic communication devices, including cellular telephones, to communicate with other co-conspirators, accomplices, and/or others during various times before, during, or after the crimes are committed. Additionally, cameras, applications (apps), and Global Positioning System ("GPS") items

4

associated with smart phones can be used for planning purposes and to further communicate with other co-conspirators, accomplices, and/or others during various times before, during, or after the crimes are committed.

16.  I know based on my training and experience that persons who commit certain violent crimes, including bank robberies and other crimes, can utilize GPS devices to assist in navigation, mark waypoints, and determine entrance and exit routes during planning and execution of such crimes.

## TECHNICAL TERMS

17.  Based on my training and experience, your affiant uses the following technical terms to convey the following meanings:

    a.    Wireless telephone (such as the TARGET DEVICE): A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet, including IP addresses. Wireless telephones may also include GPS technology for determining the location of the device.

    b.    GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These

5

    signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

  c. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

  d. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

18. Through training and experience your affiant knows that devices such as the TARGET DEVICE have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA, amongst other possible functions. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19. Based on my knowledge, training, and experience, I know that electronic devices, including the TARGET DEVICE, can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

20. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence

6

of the crimes described on the warrant, but also forensic evidence that establishes how the TARGET DEVICE was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the TARGET DEVICE because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how such a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21. *Nature of examination.* Based on the foregoing, and consistent with Federal Rule of Criminal Procedure 41(e)(2)(B), the warrant I am applying for would permit the examination of the TARGET DEVICE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

22. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the

7

physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

23. Your affiant submits that this affidavit supports probable cause for a search warrant authorizing the examination of the **TARGET DEVICE** described in Attachment A to seek the items described in Attachment B.

24. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

Respectfully submitted,

**Subscribed electronically and sworn to telephonically on July 28, 2020.**
Andrew Sullivan
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 28th day of July, 2020.

/s/ Susan Russ Walker

SUSAN R. WALKER
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

The property to be searched (**TARGET DEVICE**) is an Apple iPhone as depicted below:

Front:



Rear:



The Apple iPhone was voluntarily provided to law enforcement by Bennie Carpenter's wife on March 25, 2020.

The device is currently located at the FBI Montgomery Resident Agency, located at 1 Commerce Street, Suite 500, Montgomery, Alabama 36104.

This warrant authorizes the forensic examination of the **TARGET DEVICE** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

### Particular Things to be Seized

1. All records on the **TARGET DEVICE** described in Attachment A that relate to violations of Title 18, United States Code, Section 2113(a), and Title 18, United States Code, Section 924(c)(1)(A)(iii) that involve Hunter McPherson and Bennie Carpenter, including but not limited to:

    a. all call logs, chats, text messages, e-mails, voicemails, and other electronic communications relating to the bank robberies that occurred on February 28, 2020 and March 2, 2020;

    b. any information, including contact lists, identifying potential identified or unidentified co-conspirators and/or accomplices to the February 28, 2020, and March 2, 2020 bank robberies;

    c. photographs and videos, including but not limited to those depicting firearms, stolen vehicles, planning of bank robberies, threats of bank robberies, money, clothing and/or other items consistent with those related to the bank robberies that occurred on February 28, 2020 and March 2, 2020;

    d. maps, locations, or courses of travel, including but not limited to those that relate to the February 28, 2020 and March 2, 2020 bank robberies; and

    e. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **TARGET DEVICE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the **TARGET DEVICE** to communicate with:

    a. records of Internet Protocol addresses used; and

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.